NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH GREGORY WILLIAMS, | No. 19-35404 |
| Plaintiff-Appellant, | D.C. No. 6:17-cv-01695-AA |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS; RICK COURSEY, Superintendent at Eastern Oregon Correctional Institution (EOCI); LEONARD WILLIAMSON, Inspector General at ODOC; MICHAEL F. GOWER, Assistant Administrator at ODOC; MICHAEL POPE, Correctional Officer at ODOC; DAVID POWELL, Disciplinary Hearings Officer at EOCI, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted April 11, 2022**

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

_____

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Oregon state prisoner Kenneth Gregory Williams appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due process and Eighth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Williams's due process claim because Williams failed to raise a genuine dispute of material fact as to whether the discipline imposed infringed on a protected liberty interest, or whether the discipline lacked any evidentiary basis. *See Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (a prisoner has no federal or state protected liberty interest when the sanction imposed neither invariably extends the length of his sentence nor imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Burnsworth v. Gunderson*, 179 F.3d 771, 775 (9th Cir. 1999) (no due process violation unless "a conviction was totally unsupported by evidence").

The district court properly granted summary judgment on Williams's Eighth Amendment claim because Williams failed to raise a genuine dispute of material fact as to whether defendants' conduct deprived him of "the minimal civilized measure of life's necessities." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (internal quotation marks omitted).

We reject as without merit Williams's contentions that the discovery process was unfair.

**AFFIRMED.**